Diallo v. Garland

BIA
Brennan, IJ
A208 763 824

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:
>       JON O. NEWMAN,
>       ROSEMARY S. POOLER,
>       GERARD E. LYNCH,
>            *Circuit Judges.*

_____

THIERNO ABDOUL DIALLO,
        *Petitioner,*

v.                                          18-3515
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Margaret Kuehne Taylor,
                         Senior Litigation Counsel; Anthony
                         O. Pottinger, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Thierno Abdoul Diallo, a native and citizen of Guinea, seeks review of a November 9, 2018 decision of the BIA affirming an August 29, 2017 decision of an Immigration Judge ("IJ") denying Diallo's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Thierno Abdoul Diallo,* No. A 208 763 824 (B.I.A. Nov. 9, 2018), *aff'g* No. A 208 763 824 (Immig. Ct. N.Y. City Aug. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus a finding by the IJ that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility finding under a substantial evidence standard. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). We remand given errors in the IJ's findings underlying the adverse credibility determination.

First, the IJ found that Diallo's testimony was vague. "Testimony is too vague if it doesn't identify facts corresponding to each of the elements of one of the refugee categories of the immigration statutes." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005) (internal quotation marks and alterations omitted). However, Diallo testified to facts supporting each element of an asylum claim. He stated that he suffered beatings, arrest, and detention by the government on account of his membership in a political party, Union of Democratic Forces ("UFDG"), and his Fulani ethnicity.

Second, the IJ found inconsistencies between Diallo's

3

written statement and testimony regarding whether he and other protestors clashed with military inside or outside of a stadium, where on his body he was injured, and the weapons the military used against the crowd. The IJ's conclusion that Diallo testified that his group clashed with military "inside the stadium" is not supported by the record. Diallo testified that "there was a fight between [the protestors] and the military that was inside." A.R. at 63. Given Diallo's statement that the military was inside, not that the fight was inside and his clarification on cross-examination that the clash took place in a courtyard between the main entrance to the stadium and another gate, these statements taken in context do not reflect an inconsistency.

Third, the IJ found inconsistencies between Diallo's testimony that the military was "shooting bullets, stabbing people with machetes, and raping women" and that they hit him on the head as he tried to run away and his written statement that he suffered injuries on his head, shoulders, and stomach. But he testified that he was hit on the head and "beaten," so while there is a difference in the level of detail in the statements, there is no inconsistency. *See Hong Fei Gao*, 891 F.3d at 82 (no support for adverse credibility determination

4

where "trivial omission . . . had no bearing on [applicant's] credibility"); *Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019)("trivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies").

Fourth, the omissions the IJ identified in Diallo's written statement do not support a finding that Diallo was not credible. His written statement did not mention that the military police fired their weapons; however, he wrote that they were armed and that 150 people died. Both this omission and his failure to state that the officers also had machetes was "supplementary, not contradictory." *Hong Fei Gao*, 891 F.3d at 79, 82. Likewise, Diallo's omission of his attendance at a third protest is not material where his application indicated there were additional incidents and he included the most severe incidents. *Id.* at 78-80 ("asylum applicants are not required to list every incident of persecution on their I-589 Statement") (citation omitted).

Fifth, the IJ found inconsistencies between Diallo's testimony that police hit him with rifles on his head and stomach at an April 23, 2015 protest and his written statement that he was hit with a baton, kicked, and punched. But there

is no inconsistency as to the weapons used against Diallo at this protest. He testified he was hit with rifles and then "beat" at the police station; he wrote that police swung batons at the crowd and that he was "pummeled" at the protest, and then when he was booked at the station and placed in a cell with others after his arrest, the police "hit us with their batons and kicked and punched us." Thus, Diallo never wrote that he was personally beaten with a baton at the protest, so that written statement is not inconsistent with his testimony that he was hit with rifles before he was taken to the police station. Moreover, Diallo never mentioned in his testimony or statement what specific injuries he sustained, so the record reflects no contradiction.

We remand because of these errors. *See Gurung*, 929 F.3d at 62 ("When the agency has denied asylum and related relief on credibility grounds, we can (and we will) affirm only if (a) the agency offered a clearly independent and sufficient ground for its ruling, one that is not affected by any erroneous adverse credibility findings, or (b) the evidentiary record includes statements that are so inconsistent that we can be confident that the agency would not accept any kind of explanation."). We do not reach the

6

agency's additional findings that the lack of reliable corroboration further undermined Diallo's credibility.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("while a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination").  But we caution the agency that any determination of the reliability of the evidence must be tethered to the record rather than based on assumptions or stereotypes regarding sexism in Africa.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court